IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WILLIE FRANK WHITEHEAD,**

    **Plaintiff,**

vs.                                              Case No. 4:19cv352-WS-CAS

**OFFICER PADGEAT, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, initiated this civil rights case by filing a complaint, ECF No. 1, and a motion for in forma pauperis status, ECF No. 2. Plaintiff's in forma pauperis motion was insufficient as filed, however, and Plaintiff was required to file an amended in forma pauperis motion. ECF No. 4. Plaintiff's deadline has long since passed, and Plaintiff has not taken any steps to comply with that Order. Plaintiff was warned that failure to comply would result in dismissal of this case. It now appears that Plaintiff has abandoned this litigation.

    "A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute

or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on March 24, 2020.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.